# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.: 1:21-cv-02860-NRN

MINDEN PICTURES, INC.,

    Plaintiff,

v.

DENVER CHINESE SOURCE, and
ADAM YOU,

    Defendants.

---

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(6)**

---

Defendants Denver Chinese Source and Adam You (hereinafter "Defendants"), by and through undersigned counsel, have filed a Motion to Dismiss Plaintiff's Minden Pictures, Inc. (hereinafter "Plaintiff") Complaint pursuant to F.R.C.P 12(b)(6). Defendants submit this memorandum in support of their Motion to Dismiss.

# TABLE OF CONTENTS

|    |    | Page |
|----|----|------|
| I. INTRODUCTION | | 1 |
| II. STATEMENT OF FACTS | | 1 |
| III. LEGAL STANDARD | | 3 |
| IV ARGUMENT | | 4 |
| A. | Defendants' Use of the Image is Protected Fair Use and Does Not Constitute Copyright Infringement | 4 |
| B. | Defendants' Use of the Image for News Reporting is Protected by the First Amendment | 9 |
| V. CONCLUSION | | 11 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvarado v. KOB-TV, L.L.C.*,
   493 F.3d 1210 (10th Cir. 2007) .................................................................................. 1

*BC Technical, Inc. v. Ensil International Corp.*,
   2008 U.S. Dist. LEXIS 69747, No. 2:02-cv-700 (D. Utah Sept. 15, 2008) *aff'd*
   2012 U.S. App. LEXIS 2294 No. 09-4011 and No. 09-4019 (10th Cir. Feb. 7,
   2012) ............................................................................................................................. 3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................... 2

*Bestland v. Smith*,
   2006 U.S. Dist. LEXIS 80885 (D. Colo. Nov. 6, 2006) ............................................ 3

*Buchanan v. Shapard Rsch., LLC*,
   No. CIV-17-633, 2017 WL 4681798 (W.D. Okla. Oct. 17, 2017) ............................ 5

*Campbell v. Acuff-Rose Music, Inc.*,
   510 U.S. 569 (1994) .................................................................................................... 4

*Denenberg v. LED Technologies, LLC*,
   2012 U.S. Dist. LEXIS 140513, No. 11-cv-03155 (D. Colo. September 28,
   2012) ............................................................................................................................. 3

*Golan v. Holder*,
   609 F.3d 1076 ............................................................................................................. 6

*Harper & Row Publishers, Inc. v. Nation Enters.*,
   471 U.S. 539, 105 S. Ct. 2218, 85 L. Ed. 2d 588 (1985) ...................................... 4, 6

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) .................................................................................... 7

*Robbins v. Oklahoma*,
   519 F.3d 1242 (10th Cir. 2008) .................................................................................. 2

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
   464 U.S. 417, 104 S. Ct. 774, 78 L. Ed. 2d 574 (1984) ............................................ 5

*Sutton v. Utah State Sch. for the Deaf & Blind*,
   173 F.3d 1226 (10th Cir. 1999) .................................................................................. 3

*Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*,
 756 F.3d 73 (2d Cir. 2014) ................................................................................................ 6

**Statutes**

U.S.C. § 501 ............................................................................................................................. 2

17 U.S.C. § 107 .................................................................................................................. 1, 3, 4

Copyright Act ..................................................................................................................... 3, 4, 6

First Amendment and the Copyright Act ................................................................................... 6

U.S. Copyright Act .................................................................................................................... 3

**Other Authorities**

Rule 12(b)(6) ............................................................................................................................. 2

## I. INTRODUCTION

Plaintiff brings a single claim for copyright infringement for the alleged use of a photograph by Defendants on Defendants' educational and "news source agency" website, DenverChineseSource.com. [Compl. ¶¶ 3, 26.] The photograph at issue depicts the San Juan mountains with fall foliage in Colorado. [Compl. ¶ 3.] DenverChineseSource.com operates to educate and provide information to Chinese travelers visiting Denver, Colorado. [Compl., Ex. 2; *see also* You Aff. ¶ 4.] The photograph at issue was allegedly posted to Defendants' website on a page designed to inform Chinese visitors where they could travel in Colorado to see fall foliage. [*Id.*] As admitted on the face of Plaintiff's Complaint, Defendants are a "news source agency," and as such, Plaintiff's claim for copyright infringement should be dismissed under the fair use doctrine under 17 U.S.C. § 107. Furthermore, as a news source agency, Defendants' alleged use of the image at issue is also protected by the First Amendment, as news reporting provides the important public purpose of disseminating important information.

## II. STATEMENT OF FACTS

For purposes of this motion to dismiss only, all facts alleged in Plaintiff's Complaint must be considered to be true,[1] including the following:

Plaintiff Minden Pictures, Inc. ("MPI") is a "premier provider of rights managed wildlife and nature stock photos and feature stories. [Compl. ¶ 2.]

Defendant Denver Chinese Source ("DCS") is "a communication platform and news agency." [*Id.* at ¶ 3.; *see also* You Aff. ¶ 3.] DCS owns and operates the website

---

[1] The Court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

"https://www.denverchinesesource.com" (the "Website"). [*Id.*] Defendant Adam You ("You") is the registrant of the website. [*Id.* at ¶ 4.; *see also* You Aff. ¶ 2.] Defendants DCS and You are collectively referred herein as "Defendants."

Plaintiff created the photograph entitled "00438916" (the "Work"), which depicts the fall foliage in the San Juan mountains of Colorado. [*Id.* at ¶ 13.] The Work was one of 206 photographs registered with the Register of Copyrights on February 13, 2017 and assigned the registration number VA 2-053-683. [*Id.* at ¶ 14]; [*see also* Compl, Ex. 1.] Plaintiff is "the owner of the copyrighted Work at issue in this case." [*Id.* at ¶ 15.]

Plaintiff brings a copyright infringement claim under 17 U.S.C. § 501 [Count I, *id.* at ¶¶ 26-33], which is based on the allegation that Defendants "copied and distributed MPI's copyright Work"—without Plaintiff's permission [*id.* at ¶ 24]—"in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services." [*Id.* at ¶ 2]; [*see also* Compl., Ex. 2 (images depicting alleged use of the Work by Defendants on the Website on a webpage describing fall foliage in Colorado) (attached hereto as Exhibit A to the Decl. of Jonathan Goins is an English translation of the webpage with the alleged infringing image)].[2]

### III. LEGAL STANDARD

Rule 12(b)(6) requires that a cause of action be dismissed if it does not set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

---

[2] "It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English." *United States v. Abousleman*, No. 83cv01041 MV/WPL, 2014 U.S. Dist. LEXIS 204827, at *5 (D.N.M. Jan. 21, 2014) (quoting *United States v. Rivera-Rosario*, 300 F.3d 1, 5, 7 n.4 (1st Cir. 2002) (noting "well-settled rule that parties are required to translate all foreign language documents into English")).

4855-8463-7446.2

U.S. 544, 570 (2007). The Court should determine whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The Court's function is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

Courts routinely have dismissed copyright infringement claims at the early pleadings' stage; such issue is ripe for adjudication here. Although "[t]he determination of fair use is a mixed question of fact and law," *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 81 (2d Cir. 2014) (affirming dismissal on fair use grounds based in part upon finding that use was for purposes of news reporting), various Circuits, including the Tenth Circuit, have endorsed the resolution of other copyright questions at the pleadings stage by analyzing the complaint and incorporating by reference the documents referred to therein. *Bell v. Magna Times, LLC*, No. 2:18CV497DAK, 2019 U.S. Dist. LEXIS 72750, at *7 (D. Utah Apr. 29, 2019) (explaining "Therefore, under both the copyright and trademark claims, Defendants can raise the fair use issue as a part of their motion to dismiss for failure to state a claim."). Accordingly, "the only issue on the motion to dismiss is whether Defendants unlawfully appropriated protected portions of the copyrighted work, which involves two separate inquiries: '1) whether the defendant, as a factual matter, copied portions of the plaintiff's [work]; and 2) whether, as a mixed issue of fact and law, those elements of the [work] that have been copied are protected expression and of such importance to the copied work that the appropriation is actionable.'" *Bell*, 2019 U.S. Dist. LEXIS 72750, at *6 (quoting *Gates Rubber Co. v. Bando Chemical Indus., Ltd.*, 9 F.3d 823, 831

3

(10th Cir. 1993)). "The fair use doctrine would come under the second prong of determining whether the appropriation of the copied work is actionable." *Id.*

In such circumstances where the facts necessary to establish the defense are evident on the face of the complaint, "the only two pieces of evidence needed to decide the question of fair use . . . are the original version and the allegedly infringing work." *TCA Television Corp. v. McCollum*, 151 F. Supp. 3d 419, 432 (S.D.N.Y. 2015), *aff'd on other grounds*, 839 F.3d 168 (2d Cir. 2016) (internal quotations omitted); *see also Adjmi v. DLT Entm't Ltd.*, 97 F.Supp.3d 512, 527 (S.D.N.Y.2015) ("Courts in this Circuit have resolved motions to dismiss on fair use grounds in this way: comparing the original work to an alleged parody, in light of applicable law."); *Adjmi v. DLT Entertainment Ltd.*, 2015 WL 1499575 (S.D.N.Y. March 31, 2015) (granting a Rule 12(c) motion for a declaratory judgment of fair use on the pleadings); *Lombardo v. Dr. Seuss Enterprises*, L.P., 2017 WL 4129643 (S.D.N.Y. Sept. 15, 2017) (granting declaratory judgment as to plaintiff's motion for fair use on the pleadings); *Righthaven LLC v. Realty One Group, Inc.*, No. 2:10-cv-1036-LRH-PAL (D. Nev. Oct. 18, 2010) (finding fair use); *Payne v. Courier-Journal*, 2005 WL 1287434 (W.D. Ky. 2005) (finding fair use), *aff'd*, 2006 WL 2075345 (6th Cir. 2006).

## IV. <u>ARGUMENT</u>

### A. Defendants' Use of the Image is Protected Fair Use and Does Not Constitute Copyright Infringement.

Plaintiffs' copyright claim must fail under the fair use doctrine. Plaintiff claims ownership of a copyright registration in the Work. A true and correct copy of U.S. Copyright Registration VA 2-053-683 which issued to Tom Fitzharris and Minden Pictures on February 13, 2017. [Compl., Ex. 1.] For the limited purposes of this Motion to Dismiss, Defendants agree

Plaintiff possesses a valid copyright in a photograph substantially similar to the photograph shown in the Complaint at paragraph 13.

To state a claim for infringement under the U.S. Copyright Act, a plaintiff must show: (1) ownership of a valid copyright; and (2) copying by the defendant of "constituent elements of the work that are original." *Denenberg v. LED Technologies, LLC*, 2012 U.S. Dist. LEXIS 140513 *4, No. 11-cv-03155 (D. Colo. September 28, 2012); *see also Bestland v. Smith*, 2006 U.S. Dist. LEXIS 80885 *10 (D. Colo. Nov. 6, 2006); *see also BC Technical, Inc. v. Ensil International Corp.*, 2008 U.S. Dist. LEXIS 69747 *7, No. 2:02-cv-700 (D. Utah Sept. 15, 2008) *aff'd* 2012 U.S. App. LEXIS 2294 No. 09-4011 and No. 09-4019 (10th Cir. Feb. 7, 2012).

The use of the image is not the end of the analysis, however, because the Copyright Act provides a safe harbor for "fair use" of works otherwise protected by copyright. 17 U.S.C. § 107. Under the Copyright Act, "the fair use of a copyrighted work . . . for purposes such as criticism, *comment*, *news reporting*, teaching . . . scholarship, or research, is not an infringement of copyright." *Id*. (emphasis added). As a defense to a claim of copyright infringement, the fair use doctrine is "designed primarily to balance 'the exclusive rights of a copyright holder with the public's interest in dissemination of information affecting areas of universal concern, such as art, science and industry." *Dallas Cowboy Cheerleaders, Inc. v. Pussycat Cinema, Ltd*., 604 F.2d 200, 206 (2d Cir.1979) (quoting *Wainwright Securities, Inc. v. Wall Street Transcript Corp*., 558 F.2d 91, 94 (2d Cir.1977), cert. denied, 434 U.S. 1014 (1978)).

The Court need only review Defendant's website to see that the photograph at issue falls within the fair use doctrine (i.e., non-infringing news reporting and commentary). *See, e.g.*, *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp*., 602 F.3d 57, 63–65 (2d Cir.2010) (endorsing resolution of copyright questions at the pleadings stage by analyzing the complaint

5
4855-8463-7446.2

and incorporating by reference the documents referred to therein); *Bell*, 2019 U.S. Dist. LEXIS 72750, at *17 (granting defendants' 12(b)(6) motion to dismiss based on the fair use doctrine before defendants submitted their answer); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687 (7th Cir.2012) (recognizing fair use inquiry can be decided at the motion to dismiss stage, and affirming district court's dismissal thereof); *Cariou v. Prince*, 714 F.3d 694, 707 (2d Cir.2013) (noting that Second Circuit has approvingly cited the Seventh Circuit's *Brownmark* discussion of the fair use inquiry at the motion to dismiss stage); *Hill v. Public Advocate of the United States*, 35 F. Supp. 3d 1347 (D. Colo. 2014) (evaluating both fair use and first amendment iquiries at the motion to dismiss stage); *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 530 (9th Cir. 2008) (recognizing that the fair use issue could be considered on a motion to dismiss if no material facts were in dispute).

In evaluating the fair use doctrine in a motion to dismiss, the fair use inquiry requires balancing the public's right to use a work in certain instances based on the following factors:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

Defendants' alleged use of Plaintiff's photograph is not an infringement under the Copyright Act because such use falls within the fair use exception created by 17 U.S.C. § 107. Applying the four factors set out in Section 107, each factor strongly favors a finding of fair use:

*(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes*. "News reporting is one of the examples

enumerated in § 107 to 'give some idea of the sort of activities the courts might regard as fair use under the circumstances.'" *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560, 105 S. Ct. 2218, 85 L. Ed. 2d 588 (1985). This factor favors finding of fair use: the Website DenverChinseSource.com is a "communication platform and news source agency" for Chinese travelers visiting Colorado. [Compl. ¶ 3.] The use of the Work, an image of the fall leaf colors in the San Juan mountains in Colorado, was purely newsworthy as part of Defendants' permissible efforts to inform Chinese visitors where to view fall foliage in Colorado. Thus, the Complaint establishes that the use was newsworthy and educational. [Compl. ¶¶ 3, 13 and Ex. 2.; *see also* You Aff. ¶ 4]; *see, e.g.*, *Swatch Grp. Mgmt. Servs Ltd.*, 756 F.3d at 92 (finding publication of newsworthy call transcripts and audio was fair even though the defendant added no editorial comment).

*(2) the nature of the copyrighted work*. The nature of the copyrighted work speaks to the creativity of the protected work and whether it is published. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994); *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 563–64 (1985). This factor favors finding of fair use: The Work at issue in this case is a photograph of San Juan mountains in Colorado during the fall with fall-colored foliage. Compl. ¶ 13. Plaintiff MPI's work is identified as "published" in Copyright Registration VA 2-053-683, which includes 206 images, and the date of first publication listed as "January 22, 2010." [Compl., Ex. 1.]

For evaluating "creativity," courts analyze if an author notes their "extensive work and creativity entailed in capturing the photograph in question." *Buchanan v. Shapard Rsch., LLC*, No. CIV-17-633, 2017 WL 4681798, at *2 (W.D. Okla. Oct. 17, 2017). Here, Plaintiff's Complaint does not describe any extensive work or creativity entailed in capturing the

7

photograph in question. In fact, as shown by the registration, the Work is but one of 206 photographs registered as a group. [Compl., Ex. 1.]

Additional considerations for this factor also include whether the work is more expressive or informational in nature. *See, e.g., Cariou v. Prince*, 714 F.3d 694, 709 (2d Cir. 2013). "Since the risk of restraining the free flow of information is more significant with informational work, the scope of permissible fair use is greater." *Consumer*, *surpa*, 724 F.2d at 1049 (citing *Rosemont Enterprises, Inc. v. Random House, Inc.*, 366 F.2d at 307; 3 NIMMER ON COPYRIGHT § 13.05[A][2] at 13–61 (1982)).

*(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole.* The third factor concerns the amount and substantiality of the portion used in relation to the copyrighted work as a whole. While it is generally true that the more of a copyrighted work that is taken, the less likely the use is to be fair, the third factor is highly sensitive to the purpose of the use, and "[i]n the context of news reporting . . .[,] the need to convey information to the public accurately may in some instances make it desirable and consonant with copyright law for a defendant to faithfully reproduce [the work] without alteration." *Swatch Grp. Mgmt. Servs.*, 756 F.3d at 84.8 Here, use of the full photograph was justified by Defendants' transformative purpose of reporting on the photograph. The third statutory factor accordingly weighs in favor of fair use: Defendants published the entire Work on the Website to illustrate where foreign travelers may view fall foliage in Colorado.

*(4) the effect of the use upon the potential market for or value of the copyrighted work.* As explained by the Supreme Court, "a use that has no demonstrable effect upon the potential market for, or the value of, the copyrighted work need not be prohibited in order to protect the author's incentive to create." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417,

4855-8463-7446.2

450, 104 S. Ct. 774, 793, 78 L. Ed. 2d 574 (1984). This factor favors finding of fair use: Plaintiff made no allegation in the Complaint concerning the value of the copyrighted photograph prior to, or even after, the alleged infringement by Defendants. [*See generally*, Compl.] Furthermore, the Complaint does not allege that the use of the Work on the Website materially impaired the marketability of the work, only that Defendants "made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their news and communication network." [Compl. ¶ 21.] Notably, Ex. 2 of the Compl. illustrates that the purpose of webpage with the Work is merely to inform Chinese travelers where to see fall foliage in Colorado. As evidenced by the screenshot of the webpage, Defendants are not selling any products or promoting the sale of goods—the webpage simply communicates to Chinese travelers where to go in Colorado to see beautiful fall foliage. [*See generally*, Compl., Ex. 2; *see also* You Aff. ¶ 3.]

In summary, all four factors under the Copyright Act favor a finding that Defendants' use of the Work on the Website falls within the fair use safe harbor and therefore does not constitute copyright infringement.

**B. Defendants' Use of the Image for News Reporting is Protected by the First Amendment under the Fair Use Doctrine.**

Copyright includes several built-in First Amendment protections. The "idea/expression dichotomy strike[s] a definitional balance between the First Amendment and the Copyright Act by permitting free communication of facts while still protecting an author's expression." *Harper & Row*, 471 U.S., at 556, 105 S.Ct. 2218 (internal quotation marks omitted)).

The fair use defense "allows individuals to use expressions contained in a copyrighted work under certain circumstances, including 'criticism, comment, news reporting, teaching

9
4855-8463-7446.2

scholarship, or research and even for parody.'" *Golan v. Holder*, 609 F.3d 1076, 1080 at fn. 9 (10th Cir. 2010) (quoting *Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003)); *see also Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 84 (2d Cir. 2014) (in the context of a copyright infringement claim involving Bloomberg, a news agency, the Second Circuit explained, "That kind of activity, whose protection lies at the core of the First Amendment, would be crippled if the news media and similar organizations were limited to sources of information that authorize disclosure," and the "use served the important public purpose of disseminating important financial information, without harm to the copyright interests of the author.").

In *Perfect 10, Inc. v. Amazon.com Inc.*, a website owner sued Google Amazon and other websites for copyright infringement of their photographs, in which Google made thumbnail photos of the copyrighted material and posted it on their search engine. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1168 (9th Cir. 2007). The Ninth Circuit concluded after a fair use analysis that, "In this case, Google has put Perfect 10's thumbnail images (along with millions of other thumbnail images) to a use fundamentally different than the use intended by Perfect 10. In doing so, Google has provided a significant benefit to the public. Weighing this significant transformative use against the unproven use of Google's thumbnails for cell phone downloads, and considering the other fair use factors, all in light of the purpose of copyright, we conclude that Google's use of Perfect 10's thumbnails is a fair use." *Id.*

Here, as admitted by the Plaintiff, the DenverChineseSource.com is a "communication platform and news source agency." [Compl. ¶ 3.] As evidenced by the Website's descriptive URL, the website provides a source of information to Chinese travelers when they visit Denver, Colorado—this information ranges from churches to popular restaurants and travel destinations,

10

such as where to see fall foliage. The use of the Work on the Website was purely to inform Chinese readers where in Colorado they could go to see fall foliage and to educate the reader that they were in the right spot to view the leaves—a newsworthy purpose transformative of any prior "creative" purpose. As shown in Ex. 2 of the Compl., the Work is but one of six images used to merely illustrate locations in Colorado with fall foliage—other locations include La Veta Pass, Telluride, Dallas Divide, and the "Peak to Peak Historic Byway." The use of the Work serves an important public purpose of disseminating travel information in Colorado, without harm to the copyright interests of the author. Thus, the Court should find that Defendants' use of the Work for a newsworthy purpose to disseminate travel information is protected by the First Amendment.

## V. <u>CONCLUSION</u>

Plaintiff has failed to state a claim with respect to the copyright infringement claim, because Defendants' use of the image was permitted as a proper fair use. In addition, Plaintiffs' Complaint must fail because Defendants' use of the alleged infringing imaged for a newsworthy purpose to disseminate information to the public is protected by the First Amendment.

WHEREFORE, Defendants prays for the entry of an order: dismissing the Complaint in its entirety, and with prejudice, for the reasons set forth above; together with such additional relief as the Court deems proper and just.

Respectfully submitted this 10th day of December, 2021.

| | |
|---|---|
| Bank America Plaza<br>600 Peachtree Street NE<br>Suite 4700<br>Atlanta, Georgia  30308<br>404.991-2160 – Telephone<br>404.467-8845 – Facsimile<br>Jonathan.Goins@lewisbrisbois.com<br>William.Cravens@lewisbrisbois.com | **LEWIS BRISBOIS BISGAARD &<br>SMITH LLP**<br><br>*/s/ Jonathan D. Goins*<br>JONATHAN D. GOINS<br>Georgia Bar. 738593<br>WILLIAM G. CRAVENS<br>Colorado Bar. 54315<br>1700 Lincoln St.<br>Suite 4000<br>Denver, Colorado 80203<br>303.861.7760 – Telephone<br>303.861-7767 – Facsimile<br><br>*Counsel for Defendants* |

# CERTIFICATE OF SERVICE

This is to certify that on December 10, 2021, a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification to counsel for Plaintiff as follows:

Jonah A. Grossbardt
**SRIPLAW**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
jonah.grossbardt@sriplaw.com

*Attorney for Plaintiff*

*/s/ Teri Mercill*
*Legal Assistant*