UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
DENVER DIVISION

CASE NO.: 1:21-cv-02860-WJM

MINDEN PICTURES, INC.,

    Plaintiff,

v.

DENVER CHINESE SOURCE AND ADAM
YOU,

    Defendants.

_____

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Dated:  January 27, 2022

JONAH A. GROSSBARDT
jonah.grossbardt@sriplaw.com
MATTHEW L. ROLLIN
**SRIPLAW**
8730 Wilshire Boulevard, Suite 350
Beverly Hills, California 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile

JOEL B. ROTHMAN
**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile
*Attorneys for Plaintiff Minden Pictures, Inc.*

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................1

II.     FACTUAL BACKGROUND ...........................................................................1

III.    LEGAL STANDARD .....................................................................................4

IV.     ARGUMENT...................................................................................................4

    a.  Defendants' Motion to Dismiss Should be Denied Because Defendants Failed to Meet and Confer Before Filing Their Motion..............................................................4

    b.  MPI has Sufficiently Pled Copyright Infringement..........................................6

    c.  The Court Should Deny Defendants' Motion Because Fair Use is a Fact-Based Inquiry ..6

    d.  Defendants' Use is Not Fair Use ......................................................................7

        i.   The Purpose and Character of the Use .................................................8

        ii.  The Nature of the Copyrighted Work...................................................9

        iii. The Amount and Substantiality Used in relation to the Copyrighted Work as a Whole................................................................................................11

        iv.  Market Harm.....................................................................................12

    e.  Defendants' Use is Not Protected by the First Amendment.............................13

V.      CONCLUSION...............................................................................................15

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................4

Bison Designs, LLC v. Lejon of California, Inc.,
  2016 WL 4921441 (D. Colo. Feb. 1, 2016)..........................................................4, 5

*Brown v. McCain*,
  612 F.Supp.2d 1125 (C.D. Cal. 2009) ......................................................................7

*Campbell v. Acuff-Rose Music, Inc.*,
  510 U.S. 569 (1994)........................................................................................9, 11, 12

*Dr. Seuss Enterprises, L.P. v. ComicMix LLC*,
  983 F.3d 443 (9th Cir. 2020) ..............................................................................8, 11

*Georgia v. Public.Resource.Org, Inc.*,
  140 S.Ct. 1498 (2020).............................................................................................13

*Graham v. Prince*,
  265 F.Supp.3d 366 (S.D.N.Y. 2017) ........................................................................6

*Harper & Row Publishers, Inc. v. Nation Enterprises*,
  471 U.S. 539 (1985)...............................................................................................6, 8

*Hustler Magazine, Inc. v. Moral Majority, Inc.*,
  606 F.Supp. 1526 (C.D. Cal. 1985) ........................................................................12

*Int'l, APS v. Henny Holt & Co.*,
  873 F.2d 576 (2d Cir. 1989) ...................................................................................13

*May v, Sony Music Entertainment*,
  399 F.Supp.3d 169 (S.D.N.Y. 2019) ........................................................................6

*Morris v. Young*,
  925 F. Supp.2d 1078 (C.D. Cal. 2013) ...................................................................10

*Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*,
 166 F.3d 65 (2d Cir. 1999) ....................................................................13

North Jersey Media Group, Inc. v. Pirro,
 74 F. Supp.3d 605 (S.D.N.Y. 2015) .......................................................11

*Otto v. Hearst Communications, Inc.*,
 345 F.Supp.3d 412 (S.D.N.Y. 2018) .......................................................14

*Perfect 10, Inc. v. Amazon.com, Inc.*,
 508 F.3d 1146 (9th Cir. 2007) ................................................................12

*Sarl Louis Feraud Int'l v. Viewfinder, Inc.*,
 489 F.3d 474  (2d Cir. 2007) .............................................................13, 14

*Sony Corp. of America v. Universal City Studies, Inc.*,
 464 U.S. 417 (1984)..................................................................................8

*Swatch Group Mgmt. Servs. v. Bloomberg L.P.*,
 756 F.3d 73 (2d Cir. 2014) ...............................................................11, 14

*Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.*,
 996 F.2d 1366 (2d Cir. 1993) .................................................................13

*U.S. v. American Society of Composers, Authors and Publishers*,
 599 F.Supp.2d 415 (S.D.N.Y. 2009) ........................................................9

Statutes

17 U.S.C. § 106............................................................................................12

17 U.S.C. § 107..............................................................................................7

17 U.S.C. § 107(3).......................................................................................11

Rules

Fed. R. Civ. P. 12...........................................................................................4

Fed. R. Civ. P. 12(b)(6)..................................................................................4

Fed. R. Civ. P. 8(a)(2)....................................................................................4

Plaintiff Minden Pictures, Inc. ("MPI"), by and through its undersigned counsel, hereby submits this opposition to Defendants' Denver Chinese Source and Adam You (collectively "Defendants") Motion to Dismiss.

## I.     INTRODUCTION

Plaintiff Minden Pictures, Inc. ("MPI") opposes Defendants' Denver Chinese Source and Adam You's (collectively "Defendants") motion to dismiss (ECF 25). Defendants failed to properly meet and confer with Plaintiff's counsel prior to filing their motion in violation of Honorable William J. Martinez's Practice Standard III.D. Defendants are not entitled to dismissal based on fair use at the pleadings stage. Each and every fair use factor weighs against fair use. Defendants' use was commercial; Defendants used the entire Work; Defendants' use was not transformative; and Defendants' use harmed MPI. For these reasons, Defendants' motion to dismiss should be denied.

## II.    FACTUAL BACKGROUND

On October 22, 2021, MPI filed a single count copyright infringement claim against Defendants. (ECF 1). In 2009, Tim Fitzharris ("Fitzharris") took the photograph "00438916" ("Work"). (ECF 1 ¶ 13). On February 13, 2017, MPI registered the Work with the Register of Copyrights and was assigned the registration number VA 2-053-683. (ECF 1 ¶ 14). The Work (shown below) depicts a Quaking Aspen forest and Mount Sneffels located in the San Juan Mountains of Colorado. This beautiful photo captures the breathtaking scenery as the sun begins to set over the mountains.

1



Mr. Fitzharris began his career in photography in 1971 photographing nesting great blue herons from a camouflaged treetop blind seventy feet above the ground. In 1983, Mr. Fitzharris had his first book published. That same year, he went on to be featured on the cover of Audubon magazine four times; an amazing feat. Since then, Mr. Fitzharris has traveled the world looking for unique and inspiring places to photograph.

Since 2000, Mr. Fitzharris has published numerous art cards and picture books depicting the wilderness and wildlife. He works have been published on more than 100 calendars. He has been featured on the front cover of Life magazine, Nature's Best Photography Magazine, Terre Sauvage, Popular Photography and many others.

Minden Pictures, Inc. is recognized globally for its premium collection of wildlife and nature stock photos and feature stories. (ECF 1 ¶ 2). MPI's collection covers key aspects of

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

natural history, ecology, biodiversity, and endangered species. *Id*. MPI's works come from a variety of places around the world, including but not limited to remote and isolated regions. *Id*.

In January 2020, MPI discovered the unauthorized use of its Work on Defendants' Website at URL www.denverchinesesource.com/. (ECF 1 ¶¶ 3, 18). Denver Chinese Source is a website that provides an online directory for the Chinese community of Denver. (ECF 25-1 pg. 9). The website recommends, among other things, a variety of "restaurants, dessert shops, bakeries," "funeral services," and "dentists, western doctor, chiropractor, glass shop." The website is covered in third-party advertising. These third-party ads advertise a variety of services, such as real estate agents, doctors, restaurants and more as shown below.



Defendants' used MPI's Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business and in the course and scope of advertising

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

services. (ECF 1 ¶ 21). Defendants' website is a commercial website, in which Defendants used

MPI's entire work without being authorized to do so. (ECF 1 ¶¶ 20, 24).

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure Rule 8(a)(2) requires only "a short and plain statement of

the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice

of what the… claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint

must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.    ARGUMENT

### a.    Defendants' Motion to Dismiss Should be Denied Because Defendants Failed to Meet and Confer Before Filing Their Motion

Honorable William J. Martinez's Practice Standards state, "In my view the overuse of

Rule 12 motions unreasonably delay the progress of civil litigation….Counsel are on notice that

failure to comply with this Practice Standard may subject them to an award of attorney's fees and

costs assessed personally against them." *District Judge William J. Martinez Practice Standards*

*III.D.1.*[1] "All attorneys who are admitted to practice, and indeed seek admission to practice,

before this court must be familiar with the Local Rules of Practice." *Bison Designs, LLC v. Lejon*

*of California, Inc.*, 14-cv-02885-MSK-NYW, 2016 WL 4921441 at *5 (D. Colo. Feb. 1, 2016).

"[F]ailure to comply with Local Rules … may lead to sanctions, including but not limited to *sua*

*sponte* striking or denial of a filing without substantive consideration." *Id*.

---

[1] Magistrate Judge N Reid Neureiter's Standing Order E(1) also requires parties to meet and confirm prior to filing any motion.

On January 5, 2022, Defendants' Motion to Dismiss (ECF 14) was stricken by Hon. William J. Martinez because Defendants' failed to comply with his Revised Practice Standard III.D.1 (failure to meet and confer). (ECF 23). After the motion was stricken, Defendants' counsel refused to schedule a time to meet and confer that was mutually convenient for all parties. (Declaration of Jonah Grossbardt ("Grossbardt Decl.") ¶¶ 4-21). Defendants' counsel was dead set on keeping its Motion to Stay on file, so it filed its second Motion to Dismiss on January 6, 2022. (ECF 25). Plaintiff's counsel was willing to meet and confer with Defendants' counsel but was not available that same day as counsel had not prepared to discuss the merits of Defendants' Motion to Dismiss. (Grossbardt Decl.) ¶ 15). Defendants' counsel did not engage in a meet and confer prior to filing their second motion to dismiss. (Grossbardt Decl.) ¶ 21).

On January 19, 2022, after the Telephonic Scheduling Conference and almost two weeks after Defendants filed their second Motion to Dismiss, Plaintiff's counsel and Defendants' counsel finally substantively met and conferred on the merits of Defendants' Motion.[2] (Grossbardt Decl. ¶ 38). Plaintiff's counsel and Defendants' counsel disagreed to the nature of the commercial use of the work. (Grossbardt Decl. ¶¶ 39-40). Parties ultimately disagreed over Defendants' fair use defense being raised on a Motion to Dismiss. (Grossbardt Decl. ¶ 39-40).

Therefore, Defendants' second Motion to Dismiss should be denied because Defendants did not properly meet and confer prior to Defendants filing their motion.

---

[2] The next day, Defendants' counsel sent Plaintiff's counsel a seven-page letter in response to a letter Plaintiff's counsel sent Defendants' counsel on January 6, 2022, regarding failure to meet and confer. (Grossbardt Decl. ¶ 10).

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

**b.      MPI has Sufficiently Pled Copyright Infringement**

 "To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service Company*, 499 U.S. 340, 361 (1991).

The Complaint alleges MPI sufficiently pled a claim for copyright infringement. The Complaint alleges MPI is the owner of the copyrighted Work. (ECF 1 ¶ 15). The Complaint alleges the Work was created in 2009. (ECF 1 ¶ 13). The Complaint alleges the Work was registered with the Register of Copyrights on February 13, 2017 and was assigned the registration number VA 2-053-683. (ECF 1 ¶¶ 13-14). The Complaint alleges in January 2020, MPI discovered the unauthorized use of its Work on the Defendants' website. (ECF 1 ¶ 18).

MPI has sufficiently pled a prima facie case of copyright infringement.

**c.      The Court Should Deny Defendants' Motion Because Fair Use is a Fact-Based Inquiry**

"Fair use is a mixed question of law and fact." *Harper & Row Publishers, Inc. v. Nation Enterprises.*, 471 U.S. 539, 560 (1985). "A court cannot engage in the fair use inquiry until it has been presented with facts relevant to evaluating the fair use factors." *Graham v. Prince*, 265 F.Supp.3d 366, 377 (S.D.N.Y. 2017). "Due to the fact-sensitive nature of the inquiry, courts generally do not address the fair use defense until the summary judgment phase." *Id*.

District courts around the country have denied motions to dismiss brought forth on fair use because "[t]he fair use doctrine calls for a case-by-case analysis." *Hill v. Public Advocate of the United States*, 35 F.Supp.3d 1347, 1358 (D. Colo. 2014) (internal quotation marks omitted) (denying defendants' motion to dismiss based on fair use because plaintiffs "stated a plausible claim of copyright infringement"); *see also May v, Sony Music Entertainment*, 399 F.Supp.3d

169, 187 (S.D.N.Y. 2019) (denying defendant's motion to dismiss based on fair use because questions of facts existed); *Brown v. McCain*, 612 F.Supp.2d 1125, 1130 (C.D. Cal. 2009) (denying defendant's motion to dismiss because of the "early stage of the case, undeveloped factual record … and existence of potentially disputed material facts.").

Defendants contend they are not infringing on MPI's copyright because their use of the Work is fair use. (ECF 25-1 pg. 6). Further, Defendants argue there are no material facts in dispute regarding their fair use defense because Denver Chinese Source is a "news source agency," and thus their use is fair use because they were "news reporting." *Id*. This alone is a disputed material fact in which the Court should deny Defendants' Motion to Dismiss.

Denver Chinese Source is a website that provides an online directory for the Chinese community of Denver. While this may be helpful to the Chinese community in Denver, this is not news reporting or educational. Defendants contend that this is a source of news reporting, in which Plaintiff denies, thus, there is at least one disputed material fact. Because at least one disputed material fact exists regarding Defendants' fair use defense, it would be improper for the Court to grant Defendants' Motion to Dismiss, thus, the Court must deny Defendants' Motion.

### d.    Defendants' Use is Not Fair Use

Title 17 U.S.C. § 107 sets forth the factors for fair use:

> (1) The purpose of and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) The nature of the copyrighted work;
> (3) The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) The effect of the use upon the potential market for or value of the copyrighted work.

*See* 17 U.S.C. § 107.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

### i.      The Purpose and Character of the Use

The first factor concerns the manner in which the copied work was used. In evaluating the first factor, the court examines the purpose and character of the use, including whether such use is commercial in nature. *See Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443, 451 (9th Cir. 2020). "The fact that a publication was commercial as opposed to nonprofit is a separate factor that tends to weight against a finding of fair use." *Harper & Row Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 562 (1985). "Every commercial use of copyrighted material is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright." *Harper & Row Publishers, Inc.*, 471 U.S. 562 (*quoting Sony Corp. of America v. Universal City Studies, Inc.*, 464 U.S. 417, 451 (1984)). "The crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain but whether the user stands to profit from exploitation of the copyrighted material without paying the customary price." *Harper & Row Publishers, Inc.*, 471 U.S. at 562.

Defendants contend that because the website's use of the photograph was "purely newsworthy" and "educational," it is fair use. (ECF 25-1 pg. 7). Defendants contend that the website is used to "inform Chinese visitors where to view fall foliage in Colorado." *Id*. However, Defendants' use of the Work was neither for news reporting nor educating "Chinese visitors where to view fall foliage in Colorado." Instead, the Work was posted on a website which contained endless ads promoting a variety of goods and services in the Denver area.

Looking at the website and where the infringement occurred, there are several mountain photographs. (ECF 1 ¶ 23, Ex. 2). Listed at the top of the webpage are the names of the places in which the photos represent. *Id*. The website does not contain an article or text in which the

website would inform or educate the "Chinese visitors where to view fall foliage in Colorado." (CF 25-1 pg. 7). Instead, the website merely depicts pictures of fall foliage. Nothing on the website can be construed as newsworthiness or educational. Furthermore, the right side of the webpage contains advertisements. (ECF 1 ¶ 23, Ex. 2). Additionally, when looking at the English translated copies of the website, provided by Defendants, the top right of the website states "Classified Advertising." (ECF 25-3 pg. 2).

Defendants are clearly a business, and the website is commercial in nature as it is in the business of advertising goods and services in the surrounding Denver area. The use of the photograph on a website with such high volume of advertisement cannot be considered newsworthy or educational as it is a commercial use. *See U.S. v. American Society of Composers, Authors and Publishers*, 599 F.Supp.2d 415, 429 (S.D.N.Y. 2009) (finding that the use of third-party advertisements that offer direct access to other sites and promote services in which the website owner is likely compensated for those advertisements leans against a finding of fair use).

Based on the foregoing, the Defendants website is commercial in nature, thus, this factor weighs heavily against fair use.

### ii.        The Nature of the Copyrighted Work

The second factor recognizes that "some works are closer to the core of intended protection than others, with the consequence that fair use is more difficult to establish when the former works are copied." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994). Creative works are closer to the core of copyright than factual works. *Id.* Photography is at least minimally creative by its very nature. *Id.*

Defendants contend that the second factor, the nature of the copyrighted work, leans towards a finding of fair use. However, Defendants fail to show or describe any evidence that would suggest this finding. Instead, Defendants state that Complaint does not describe any creativity and that "the Work is but one of 206 photographs registered in a group." Defendants' argument is short and unpersuasive.

MPI is a premier provider of rights managed wildlife and nature stock photos. (ECF 1 ¶ 2). Capturing photographs, such as the Work in this matter, is the result of a balanced combination of skill and creativity. The number of photographs in a copyright registration group does not make any one photograph of less creative in nature than another.

When a photograph is creative in nature, it weighs against fair use. *Morris v. Young*, 925 F. Supp.2d 1078, 1087 (C.D. Cal. 2013). Here, the Work depicts the Quaking Aspen forest beneath Mount Sneffels, in the beautiful and peaceful San Juan mountains of Colorado. This photo was captured just as the sun was setting, creating a breathtaking view. Taking this unique photograph during the sunset requires great skill to prevent lens flare and other color distortions. Additionally, controlling the angle, particular framing, focus, exposure, and moment of creation are all factors to be considered when the photograph was captured. The Work highlights the skill and creative nature of the photographer. The Work falls within the category of works to be protected by the Copyright Act because it is expressive of what a creative artist can do.

Therefore, MPI's Work was creative in nature and the second factor weighs heavily against fair use.

    **iii.**        **The Amount and Substantiality Used in relation to the Copyrighted Work as a Whole**

The third factor is "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. § 107(3). "The question is whether the quantity and value of the materials used are reasonable in nature to the purpose of the copying." *North Jersey Media Group, Inc. v. Pirro*, 74 F. Supp.3d 605, 620 (S.D.N.Y. 2015). "In general, 'the more of a copyrighted work that is taken, the less likely the use is to be fair.'" *Swatch Group Mgmt. Servs. v. Bloomberg L.P.*, 756 F.3d 73, 89 (2d Cir. 2014). The basic inquiry is whether "no more was taken than necessary." *Campbell*, 510 U.S. at 589.

"A transformative work 'adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message.'" *See Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443, 451 (9th Cir. 2020). On the other hand, a work that 'merely supersedes the objects of the original creation' is not transformative." *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443, 452 (9th Cir. 2020) (*quoting Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 579, (1994)).

Defendants admit that they used the full photograph on their website. (ECF 25-1 pg. 8). In an attempt to soften that fact, Defendants contend that this favor leans in favor of fair use because of "Defendants' transformative purpose of reporting on the photograph." As discussed above, Defendants did not "report" on the photograph. Nothing about Defendants' use was "transformative." Instead, Defendants posted the entire Work to their website which contained commercial advertisements. *See* ECF 1 ¶ 23, Ex. 2.

The Work cannot be considered transformative because Defendants have not "transformed" the Work. Defendants merely took the photo and placed it on its website.

Defendants cite to *Perfect 10, Inc. v. Amazon.com, Inc.*, in support of its use of the Work being transformative. 508 F.3d 1146 (9th Cir. 2007). However, that case involves a search engine using a photo as a thumbnail. This case does not involve search engines or thumbnail photos, thus, making that case inapplicable to this case.

Therefore, Defendants' use weighs heavily against fair use because Defendants used the entire Work, and the use was non-transformative.

### iv.        Market Harm

The fourth fair use factor requires a court to consider "not only the extent of the market harm caused by the particular actions of the alleged infringer, but also 'whether unrestricted and wide-spread conduct of the sort engaged by the defendant … would result in a substantially adverse impact on the potential market of the original.'" *Campbell*, 510 U.S. at 590 (emphasis added) (quoting 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 13.05[A][4] (1993)) (ellipses in original). "The potential for harm to a copyrighted work arises if the defendant's use would tend to diminish the sales of the plaintiff's work, interfere with its marketability or fulfill the demand for the original." *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 606 F.Supp. 1526, 1539 (C.D. Cal. 1985).

In this case, not only was MPI harmed because it did not receive a licensing fee from the use of its Work, but it would certainly be substantially harmed if the public could use the Work in the same manner as Defendants did. The value of the Work derives from MPI's ability to control the use of the Work pursuant to its exclusive rights under 17 U.S.C. § 106. Defendants' usurpation, and by extension in the market harm factor analysis, the public's usurpation of these rights weighs heavily against fair use and is likely dispositive in light of the other factors.

Therefore, after analyzing all four factors of fair use, all four factors lean against Defendants' use being fair use. Defendants claim that they were "inform[ing] Chinese visitors where to view fall foliage in Colorado." But in reality, they took a photograph that they did not have permission to use and posted it on their website to assist with obtaining more viewers to help promote third-party advertising. Defendants took a creative Work; Defendants used the entire Work for commercial advantage; and Defendants caused MPI market harm. Because of this, Defendants' fair use defense must fail and the Defendants' Motion to Dismiss must be denied.

**e.      Defendants' Use is Not Protected by the First Amendment**

A fair use "defense, designed to accommodate First Amendment concerns, is notoriously fact sensitive and often cannot be resolved without a trial." *Georgia v. Public.Resource.Org, Inc.*, 140 S.Ct. 1498, 1513 (2020). "First Amendment concerns are protected by and coextensive with the fair use doctrine." *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d 65, 74-75 (2d Cir. 1999); *see also Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.*, 996 F.2d 1366, 1378 (2d Cir. 1993) (holding that "except perhaps in an extraordinary case, 'the fair use encompasses all claims of First Amendment in the copyright field.'") (quoting *New Era Pubs. Int'l, APS v. Henny Holt & Co.*, 873 F.2d 576, 584 (2d Cir. 1989)).

Therefore, "[w]hile an entity's status as a news publication may be highly probative on certain relevant inquiries, such as whether that entity has a fair use defense to copyright infringement, it does not render that entity immune from liability under intellectual property laws." *Sarl Louis Feraud Int'l v. Viewfinder, Inc.*, 489 F.3d 474 480 (2d Cir. 2007). "The fact

that an entity is a news publication engaging in speech activity does not, standing alone, relieve such entities of their obligation to obey intellectual property laws." *Id*.

As alleged in the Complaint, and stated above, MPI has sufficiently pled a claim of copyright infringement. MPI owns a valid copyright and MPI has alleged the Defendants' copied the Work. (ECF 1 ¶¶ 13-15, 23). Defendants have not established that facts pled in the Complaint establish a First Amendment defense. *See Swatch Group Management Services, Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 85 (2d Cir. 2014) ("A news organization thus may not freely copy creative expression solely because the expression itself is newsworthy."); *see also Otto v. Hearst Communications, Inc.*, 345 F.Supp.3d 412, 428 (S.D.N.Y. 2018) ("[i]t would be antithetical to the purposes of copyright protection to allow media companies to steal personal images and benefit from fair use defense by simply inserting the photo in an article which only recites factual information—much of which can be gleaned from the photograph itself.").

Defendants' cite to *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) to support that their use of MPI's Work for news reporting is protected by the First Amendment. (ECF 25 pg. 11). *Perfect 10*, is not applicable for two reasons. First, *Perfect 10* does not deal with the issues of the First Amendment or news reporting. Second, the facts in *Perfect 10* are distinguishable to our present case.

In *Perfect 10*, the Ninth Circuit held that "Google's fair use defense is likely to succeed at trial." In that case, Google took Perfect 10's image as a thumbnail and for in-line linking. (*Id*. at 1157). When a user would use Google Image Search and click on the thumbnail, it would redirect the user to the third-party webpage that contained the image. (*Id*. at 1156). However, the image appeared in a "frame" in which it looked like the image was displayed in Google, but in

fact it was being displayed from the third-party webpage. (*Id*.). The court ultimately concluded that Google's use of Perfect 10's thumbnails was fair use because of the highly transformative nature of the use. (*Id*. at 1168).

Unlike in *Perfect 10*, Defendants are using MPI's entire Work on their website. (ECF 1 ¶ 23, Ex. 2). Defendants' use is not transformative because they are using the MPI's Work for the purpose in which the Work was created for – to display the beautiful San Juan mountains of Colorado. Unlike in *Perfect 10*, Defendants are not displaying a thumbnail of the image and linking to a third-party site with the original image. Instead, they took the entire image and posted it on their website for their use.

Therefore, Defendants use was not fair use, it does not fall within the First Amendment, and their motion to dismiss should be denied.

## V.      CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss and the Court should award of attorneys' fees in responding to Defendants' Motion for Defendants' failure to comply with Hon. Martinez's Standing Order. In the alternative, MPI requests leave to amend its Complaint if the Court grants the Motion. Further, the Court should grant MPI's attorneys' fees because Defendants' Motion did not comply with the Court's Standing Order.

Dated:  January 27, 2022                    Respectfully submitted,

                                            */s/Jonah A. Grossbardt*
                                            JONAH A. GROSSBARDT
                                            jonah.grossbardt@sriplaw.com
                                            MATTHEW L. ROLLIN
                                            matthew.rollin@sriplaw.com

**SRIPLAW**
8730 Wilshire Boulevard, Suite 350
Beverly Hills, California 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Minden Pictures, Inc.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on January 27, 2022, a true and correct copy of the foregoing document, PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) served by ECF to all parties listed below on the Service List.

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT

## SERVICE LIST

WILLIAM CRAVENS
1700 Lincoln St., Suite 4000
Denver, Colorado 80203
JONATHAN D. GOINS
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
William.cravens@lewisbrisbois.com
Jonathan.goins@lewisbrisbois.com